# WILLIAM BAKER

### v.

## WILLIAM P. REND ET AL.

INSUFFICIENT EVIDENCE.—The evidence upon which judgment is rendered in this case was mere hearsay and insufficient.

APPEAL from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.     Opinion filed March 29, 1881.

This was assumpsit, originally brought by appellees against Tappan, McKillop & Co., of Chicago, alleged to be a corporation, to recover the amount of a claim left with them to be sent to Ottumwa, Iowa, for collection, and which it is alleged by appellees, was collected by an attorney acting for appellant at Ottumwa, to whom it was sent for that purpose.

The plaintiffs below recovered a judgment against Tappan, McKillop & Co. for $209.35, which was reversed by this court at its October Term, 1879, on two grounds: first, that the defendant corporation was not in existence when the claim was left for collection, and the claim was not left with the defendant but with Baker, prior to the formation of the corporation; and secondly, that the proof was insufficient to show that the money had in fact been collected.    The case is reported in 5 Bradwell, 152.    The case having been remanded to the court below, Baker was substituted as defendant in place of Tappan, McKillop & Co., and a trial was had, resulting in a judgment for the plaintiff for $261.26.    The defendant Baker now brings the case here by appeal.

Messrs. LEAMING & THOMPSON, for appellant; that it is in the power of a collecting agency to limit their responsibility by the terms of their receipt, cited Bradstreet v. Everson, 72 Pa. St. 135; Bullit v. Baird, 27 Legal Int. 171; West. Trans. Co. v. Newhall, 24 Ill. 466; Adams Ex. Co. v. Haynes, 42 Ill. 89; Adams Ex. Co. v. Stettaners, 61 Ill. 184.

Messrs. WALKER & CARTER, for appellees; as to the liability of an agent to his principal for moneys of the latter received by a sub-agent, cited Story on Agency, 231a ; Taber v. Perrett, 2 Gall. 565; Morgan v. Tener, 83 Pa. St. 306.

PER CURIAM. By the substitution of Baker as the party defendant, the first ground of objection to the plaintiff's recovery was removed, but as to the second ground we do not see that the evidence makes any stronger case for the plaintiff than was made at the former trial. The evidence now, as then, amounts in substance to this: that when appellees called on appellant for the money alleged to have been collected, they were referred to Freeman, appellant's attorney in Chicago, who stated that he had no personal knowledge on the subject, but that from certain correspondence in relation to the matter, he learned that the Gas Company at Ottumwa claimed to have paid the money to the attorney to whom it had been sent for collection. He also stated substantially the same thing to plaintiff's witness, Olcott; but he at no time professed to have any personal knowledge about it; on the contrary, he all the while declared he had none.

As we said in our former opinion, the burden was on the plaintiff to show by competent testimony that the money had been collected. It is obvious that what was relied on as proof was merely hearsay. If parties choose to submit their cases on incompetent proof when better evidence is readily attainable, they must suffer the consequences.

The judgment below is reversed and the cause remanded.

Reversed and remanded.